**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Rock Higgins, *et al.*, | No. CV-22-00283-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Rock Higgins, *et al.*, | |
| Defendants. | |

Plaintiff filed his Complaint in this matter on February 22, 2022. (Doc. 1.) On March 18, 2022, the Court entered an Order that the action would be dismissed without further notice after May 24, 2022 unless before then Plaintiff served Defendants with the Summons and Complaint and filed with the Clerk of Court proof thereof pursuant to Federal Rule of Civil Procedure 4(l) or showed good cause for the failure to timely serve. (Doc. 5.) On May 19, 2022, the Court extended Plaintiff's service deadline to June 14, 2022, and again warned Plaintiff that the action would be dismissed without further notice as to all Defendants not lawfully served and for whom Plaintiff had not filed proof thereof or shown good cause for the failure to timely serve. (Doc. 11.) Before and since the entry of these Orders, Plaintiff has filed hundreds of pages of frequently arcane and largely unintelligible documents. While some of these filings have titles such as "Proof of Notice" (Doc. 8), "Certificate of Service" (Doc. 9), and "Affidavit of Notarial Presentments Witness Non-Response of Respondents" (Doc. 16), upon inspection none of them

indicate—let alone prove—that Plaintiff ever properly served the Summons and Complaint as required by the Federal Rules of Civil Procedure and the Court's Orders.

Rule 4 sets forth the requirements for a valid summons and for proper service of the same. Among other requirements, the summons must "state the time within which the defendant must appear and defend"; "be signed by the clerk"; and "bear the court's seal." Fed. R. Civ. P. 4(a)(1). "A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). It is the plaintiff's responsibility to timely serve the summons, along with a copy of the complaint. Fed. R. Civ P. 4(c)(1). These are not mere formalities: "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Thus, while Rule 4 generally is a "flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017), "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996); *see also Silbaugh v. Chao*, 942 F.3d 911, 915 (9th Cir. 2019) ("For the district court to exercise personal jurisdiction over [the defendant], [the plaintiff] must have served her with a valid, properly signed summons and the . . . complaint.").

Here, there is no evidence in the record that Plaintiff ever presented a summons to the Clerk for issuance in this matter or that a summons signed by the Clerk and bearing the Court's seal has ever been issued. Among Plaintiff's many filings is a "Certificate of Service by: Jamal Parker to CV-22-283-PHX-JJT to Respondent(s) Affidavit as per Chancellor/Trustee's Specifications," in which Jamal Parker declared:

> On [May 1, 2022], I served the parties in [this] matter within accordance to tuchi:john-joseph cv-22-283-PHX-JJT, ORDER and SUMMONS upon Counsel/Respondent(s) for higgins:mark-rock/HIGGINS FAMILY TRUST Petition/Summons, by mailing true correct copies of the same by USPS Certified Mail, prepared for delivery to [certain Defendants named in the Complaint.]

(Doc. 9.) Setting aside for now the issue of the propriety of service by certified mail, Plaintiff has not provided a copy, nor any further description, of the "SUMMONS" purportedly mailed to the listed Defendants. It is immaterial in any event because, as noted, there is no evidence that such a summons was "signed by the clerk" or "b[ore] the court's seal." Fed. R. Civ. P. 4(a)(D), (F), (G). Again, these are not mere formalities. "The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which a defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant." *Ayres*, 99 F.3d at 569; *see also, e.g.*, *Ghosh v. City of Berkeley*, No. C-14-2922 MMC, 2015 WL 153209, at *2 (N.D. Cal. Jan. 12, 2015) (finding insufficient process where summons lacked signature of district court clerk, which was not a mere "technical error" excusable under Rule 4); *State Farm Fire & Cas. Co. v. Amazon.com, Inc.*, No. CV-17-01994-PHX-JAT, 2018 WL 2240144, at *2 (D. Ariz. May 16, 2018) (finding insufficient service of process where plaintiff served defendant with state-court summons rather than federal court summons, which fell short of "substantial compliance" with Rule 4). Plaintiff failed to obtain a valid summons.

Plaintiff has also failed to submit proof that he properly served any Defendant with a valid summons and copy of the Complaint in accordance with the requirements of Rule 4. Again, this issue is jurisdictional. "A federal court does not have personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quotation marks and citations omitted). As the Court explained in its May 19, 2022 Order, it was Plaintiff's responsibility to properly and timely serve the Summons and Complaint. As the Court further explained, Rule 4 provides certain requirements for service of process:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;[1] or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiff has failed to comply with any of these methods of service.

Plaintiff has submitted voluminous evidence indicating he mailed certain documents to certain Defendants *before* he filed the Complaint on February 22, 2022—which necessarily cannot prove proper service of the Summons and Complaint in this matter. (*See, e.g.*, Doc. 7 at 72; Doc. 7-1 at 4, 8–9, 31; Doc. 7-3 at 10; Doc. 8 at 4; Doc. 16 at 2, 3, 6, 7, 11, 12, 15; Doc. 16-2 at 3–4, 17.) Plaintiff also has submitted evidence indicating he mailed certain documents to certain Defendants *after* he filed the Complaint, including the "Certificate of Service" stating that Jamal Parker served the "ORDER and SUMMONS" by certified mail. (Doc. 9 at 2; *see also* Doc. 8 at 2–3; Doc. 16 at 13, 16–17; Doc. 16-2 at 14–16; Doc. 16-3 at 7, 9.) Beyond the fact that any "SUMMONS" purportedly mailed was not valid, service by mail is not sufficient except under certain circumstances.

First, under Arizona law, service within Arizona by certified mail is proper only if the normal means of service are "impracticable" and the court issues an "order that service may be accomplished in another manner." Ariz. R. Civ. P. 4.1(k). The Court has issued no

---

[1] Most relevant here, under Arizona law, an individual may be served within Arizona by:
>> (1) delivering a copy of the summons and the pleading being served to that individual personally;
>>
>> (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d).

such order. Further, Arizona law also requires that "the serving party must make a reasonable effort to provide the person being served with actual notice." *Id*. The Court remains doubtful that Plaintiff has made such efforts. Indeed, it is doubtful that Defendants have received actual or constructive notice of this lawsuit.[2] No Defendant has submitted a notice of appearance, motion, answer, or any other filing. Second, service outside Arizona by mail is valid only if the server files an Affidavit of Service stating, among other things, that "the serving party mailed the summons and a copy of the pleading or other request for relief to the person" and "received a signed return receipt, which is attached to the affidavit and which indicates that the person received the described documents." Ariz. R. Civ. P. 4.2(c)(1), (2). The "Certificate of Service" by Jamal Parker (Doc. 9) does not satisfy these requirements. Third, Plaintiff has not complied with the requirements under Rule 4 for service by mail on officers of the United States. To properly serve Defendants who are officers of the United States, Plaintiff was required to mail or deliver a copy of a valid summons and the Complaint to: (1) the United States Attorney for the District of Arizona; (2) the Attorney General; and (3) the officers sued in their official capacities. *See* Fed. R. Civ. P. 4(i)(1)–(2); *see also* D.C.R. Civ. P. R. 4(i). Among other things, the Court has found nothing in the record showing Plaintiff mailed a valid summons and the Complaint to the United States Attorney for the District of Arizona.

The Court has twice previously informed Plaintiff of the requirements for properly serving Defendants in this matter. (Docs. 5, 11.) It *sua sponte* granted Plaintiff an extension of the service deadline. (Doc. 11 at 2.) Yet Plaintiff has not substantially complied with these requirements, preventing this Court from exercising personal jurisdiction over Defendants. Nor does the Court have assurance that Defendants have received sufficient notice of Plaintiff's Complaint. Notwithstanding Plaintiff's claims that he is "not a citizen of the united states for the district of columbia, nor a citizen of the united states of america

---

[2] To the extent Plaintiff could argue that he can proceed only against himself as a named Defendant, the Court would lack jurisdiction over such a case. Federal courts "are limited by the case-or-controversy requirement of Art. III to adjudication of actual disputes between adverse parties." *Richardson v. Ramirez*, 418 U.S. 24, 36 (1974); *see also, e.g.*, *Globe & Rutgers Fire Ins. Co. v. Hines*, 273 F. 774, 777 (2d Cir. 1921) ("It is elementary that the same person cannot be both plaintiff and defendant in the same action.").

in congress assembled" (Doc. 1 at 10), Plaintiff must follow the rules applicable in United States courts if he wishes to avail himself of their jurisdiction. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Plaintiff's failure to do so, despite repeated warnings, warrants dismissal of this case without further notice or extension of the time for proper service.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's Complaint (Doc. 1) for failure to properly and timely serve Defendants in accordance with the requirements of Federal Rule of Civil Procedure 4 and this Court's Orders (Docs. 5, 11).

**IT IS FURTHER ORDERED** denying as moot any pending Motion filed by Plaintiff in this matter, including Plaintiff's "Motion to Proceed Ex Parte" (Doc. 14), "Motion for Discovery By Subpoena" (Doc. 19), and "Challenge of Order and Jurisdiction" (Doc. 22).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this matter.

Dated this 6th day of March, 2023.

Honorable John J. Tuchi
United States District Judge